

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHNNY GREEN, JR., | § | |
| | | No. 08-11-00317-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 372nd District Court |
| THE STATE OF TEXAS, | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC# 1199474D) |
| | § | |

## **O P I N I O N**

A jury found Appellant guilty of the offense of murder, sentenced him to life in prison, and assessed a $10,000 fine on August, 26 2011. TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). Appellant raises nine issues on appeal.

## **BACKGROUND**

On July 7, 2002, the body of Carolyn Roberson was found in an open field in Fort Worth.[1] An autopsy revealed that Ms. Roberson was smothered to death. Ms. Roberson also suffered a laceration to the back of her head consistent with being struck with a brick, gliding abrasions on her knees and shoulders, facial lacerations, and defensive wounds on both hands. Several of Ms.

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX.R.APP.P. 41.3.

Roberson's belongings were recovered at the crime scene and investigators were able to extract DNA samples from multiple items, including her top, bra, pants, the curb, and a brick. The DNA samples were consistent with the DNA of the victim, and of one unidentified suspect. In 2009, investigators were notified that the unknown suspect's profile DNA was connected to the existing DNA profile of Appellant, Johnny Green, in the State's Combined DNA Index System (CODIS) offender database. After obtaining a DNA sample from Appellant, scientists were able to identify that the DNA obtained from blood on Ms. Roberson's top, bra, and pants originated from Appellant. It was also discovered that Appellant lived a few blocks away from the crime scene at the time of Ms. Roberson's death. A grand jury indicted Appellant for capital murder in Tarrant County, Texas on May 12, 2010.

## DISCUSSION

In Issue One, Appellant challenges the legal sufficiency of the evidence to support his conviction. Appellant recites the standard for reviewing evidence and determining legal sufficiency, and then asserts that the State did not meet its burden of proof beyond a reasonable doubt that Appellant committed the offense. However, without citing to any legal authority, Appellant merely notes what federal courts "indicate" about reasonable doubt and the nature of proof which satisfies the purported reasonable doubt standard. In his concluding paragraph for Issue One, Appellant sets forth Texas case law regarding appellate court examinations of the evidence for sufficiency, followed by a single citation to three different portions of the record which comprise almost five hundred pages. Appellant neither sets out any specific relevant facts from the cited pages of the record nor attempts to apply the law to the facts contained in the cited pages of the record. Appellant presents no legal argument explaining why the evidence on the

2

cited pages is legally insufficient to support his conviction.

Because we are under no obligation to make Appellant's arguments for him, we find this issue is inadequately briefed and presents nothing for our review. TEX.R.APP. P. 38.1(i); *see Lucio v. State*, 351 S.W.3d 878, 896-97 (Tex.Crim.App. 2011), *cert. denied*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012), citing *Busby v. State,* 253 S.W.3d 661, 673 (Tex.Crim.App. 2008) and *Cardenas v. State,* 30 S.W.3d 384, 393–94 (Tex.Crim.App. 2000). Issue One is overruled.

In Issue Seven, Appellant asserts that the trial court abused its discretion by overruling his Rule 401 relevancy objection to three of the State's exhibits. TEX.R.EVID. 401. Appellant then states that the testimony of witness, Ms. Sundaye Lopez, "could only inflame the jury based on her best effort to reconstruct pieces of brick found at the crime scene," and "[t]he photo of the pieces of brick were not relevant as to any alleged weapon used by the perpetrator on the deceased." These statements are followed by a recitation of the rule and an excerpt from the record containing the objection and the trial court's ruling on it. Appellant concludes by reciting the standard for preserving error under Texas Rule of Appellate Procedure 33.1 and asserting that he timely objected to Ms. Lopez's testimony at trial. TEX.R.APP.P. 33.1.

We disagree that Appellant objected to and therefore preserved error as to Ms. Lopez's testimony. The objection cited in the brief is to the State's proffer of Exhibits 86-88. The record contains no objection to Ms. Lopez's testimony regarding Exhibits 86-88. Furthermore, Appellant's brief lacks a legal argument supported by authority asserting how the trial court abused its discretion or how the evidence to which he objected was irrelevant. Because it presents unpreserved error and is inadequately briefed, Issue Seven is overruled. TEX.R.APP.P. 38.1(i); *see Lucio*, 351 S.W.3d at 896-97, citing *Busby,* 253 S.W.3d at 673 and *Cardenas,* 30 S.W.3d at

3

393–94.

In Issues Two through Six, Eight and Nine, Appellant complains that the trial court abused its discretion by overruling his Rule 403 objections to various physical evidence exhibits. Appellant correctly states that Rule 403 carries a presumption of relevance unless the trial court finds a clear disparity between the probative value of the evidence and the degree of prejudice its admittance would create. TEX R. EVID. 403. He then sets forth the correct standard of review, that a trial court's admission of evidence is only reversed after a clear abuse of discretion, and that the reviewing court should not assume that the trial judge did the required balancing and did not rule arbitrarily or capriciously, but must measure the ruling against relevant criteria. *Mozon v. State*, 991 S.W.2d 841, 847 (Tex.Crim.App. 1999). Appellant concludes by stating, "The [trial] court did not conduct a balancing test as is required by Rule 403," but fails to set forth the required balancing test or identify any portion of the test which the trial court failed to perform. Each issue has a record cite at the end of its respective page[2] which is presumably meant to direct us to the evidence and relevant testimony for each objection at issue. However, Appellant neither states what each piece of specific evidence is nor provides us with the relevant facts from the cited pages. Furthermore, Appellant does not apply the law to any facts from the record nor presents any legal arguments explaining how the trial court abused its discretion or how the evidence was prejudicial to his case.

As in Issue One, absent a clear and concise argument with proper citations to authorities and the record, we conclude that Appellant's remaining seven issues are inadequately briefed and present nothing for our review. TEX.R.APP.P. 38.1(i); *see Lucio*, 351 S.W.3d at 896-97, citing

---

[2] We note that each issue is set forth on a single page, the text of which is identical except for the citation to the record at the end.

*Busby,* 253 S.W.3d at 673 and *Cardenas,* 30 S.W.3d at 393–94.   Issues Two through Six, Eight and Nine are overruled.

The State raises a sole cross-point in its brief requesting that the judgment, which currently contains no fine, be reformed to reflect the jury's verdict of a $10,000 fine.   An appellate court may modify a judgment to ensure the trial court's judgment conforms with the jury's verdict. TEX.R.APP.P. 43.2(b).   *Nelson v. State*, 149 S.W.3d 206, 213 (Tex.App.—Fort Worth 2004, no pet.).   If there is a discrepancy between the oral pronouncement of sentence and the sentence as written in the judgment, the oral pronouncement controls.   *Thompson v. State*, 108 S.W.3d 287, 290 (Tex.Crim.App. 2003), *Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App. 1998).   In its written judgment, the trial court marked "Fine" as "N/A."   However, the oral pronouncement of Appellant's sentence included the imposition of a fine in the amount of $10,000.   We sustain the State's cross-issue and reform the judgment to reflect the fine of $10,000 as assessed by the jury.

**CONCLUSION**

We affirm the trial court's judgment as reformed.


GUADALUPE RIVERA, Justice

November 22, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)